UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SEAN HENDERSON

Plaintiff,

vs.

CHICAGO POLICE OFFICERS
ALBERT RANGEL, # 5339
ADRIAN ROSILES # 19462
CITY OF CHICAGO,

Defendants

JURY TRIAL DEMANDED

**FIRST AMENDED COMPLAINT**

Now comes Plaintiff, SEAN HENDERSON by and through his attorney, Stephen L. Richards, and make the following complaint against Defendants CHICAGO POLICE OFFICERS ALBERT RANGEL, # 5339, ADRIAN ROSILES # 19462, and CITY OF CHICAGO. SEAN HENDERSON states as follows:

**JURISDICTION and VENUE**

1. This action for money damages brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343

and 1367.

3. Venue is proper under 28 U.S.C. § 1391(b). Defendants reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within this district.

## PARTIES

4. At all times relevant hereto, Sean Henderson was a male resident of Chicago, Illinois.

5. Defendant Albert Rangel at all relevant times was employed by the City of Chicago Illinois and was acting within the scope of his employment and under color of law.

6. Defendant Adrian Rosiles at all times relevant was employed by the City of Chicago, and was acting within the scope of his employment and under color of law.

7. Defendant City of Chicago is an Illinois municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendants Rangel and Rosiles.

## FACTUAL ALLEGATIONS

8. On March 10, 2017, at 2200 hours approximately defendants were on patrol in the vicinity of 932 west 79th street in Chicago, Illinois.

9. At that time defendants initiated a traffic stop of a car driven by plaintiff.

10. At the time of the traffic stop neither officer had probable cause or reasonable suspicion justifying this illegal stop.

11. At that time plaintiff was not in possession of a firearm, and had no knowledge of a firearm in the car.

12. Both defendants wrote reports and gave testimony, falsely stating that they saw plaintiff lean toward the left side of the car and make a furtive gesture towards the floorboard of the car.

13. This false report is contradicted by defendants' body cams, which do not record any such furtive gesture..

14. Plaintiff was falsely charged with possession of the firearm and was charged with the offense of armed habitual criminal.

15. He was held in custody from March 10, 2017 until October 2, 2017, when he was acquitted by a jury and released.

**Count I – Fifth Amendment Due Process Claim Against Defendant Albert Rangel.**

16. Plaintiff realleges all previous paragraphs as if fully re-pleaded herein.

**17.** Defendant Albert Rangel deprived plaintiff of his due process rights under the fifth and fourteenth amendments to the Constitution of the United States by fabricating evidence against him, to wit: the claims that defendant was committing a traffic violation and made a furtive gesture.

**Count II – Fifth Due Process Claim Against Defendant Adrian Rosiles**

18. Plaintiff realleges all previous paragraphs as if fully re-pleaded herein.

19. Defendant Adrian Rosiles deprived plaintiff of his due process rights under the fifth and fourteenth amendments to the Constitution of the United States by

fabricating evidence against him, to wit: the claims that defendant was committing a traffic violation and made a furtive gesture. ,

**Count III – Fourth Amendment Claim Against Defendant Albert Rangel.**

20. Plaintiff realleges all previous paragraphs as if fully re-pleaded herein.

**21.** Defendant Albert Rangel deprived plaintiff of his fourth amendment rights under the fourth and fourteenth amendments to the Constitution of the United States by fabricating evidence against him, to wit: the claims that defendant was committing a traffic violation and made a furtive gesture.

**Count IV – Fourth Amendment Claim Against Defendant Adrian Rosiles**

22. Plaintiff realleges all previous paragraphs as if fully re-pleaded herein.

23. Defendant Adrian Rosiles deprived plaintiff of his fourth amendment rights under the fourth and fourteenth amendments to the Constitution of the United States by fabricating evidence against him, to wit: the claims that defendant was committing a traffic violation and made a furtive gesture.

**Count V – Claim for Indemnification Against Defendant City of Chicago**

24. The acts of the defendants were willful and wanton and were committed within the scope of their employment.

25. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant City of Chicago is liable for any judgments in this case arising from defendants' actions.

WHEREFORE, Plaintiff prays for judgment against defendants in a fair and just amount sufficient to compensate them for the injuries he suffered including incarceration, emotional

suffering, and lost wages plus, plaintiff seeks costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

        SEAN HENDERSON

        Plaintiff,   /s/

        By: Stephen L. Richards
            53 West Jackson Suite 756
            Chicago, IL 60604
            773-817-6927
            Sricha5461@aol.com
            Attorney No: 6191946