UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SEAN HENDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 19-cv-06380 |
| v. ) | |
| ) | Judge Thomas M. Durkin |
| CHICAGO POLICE OFFICER ALBERT RANGEL, ) | |
| STAR NO. 5339; CHICAGO POLICE OFFICER ) | |
| ADRIAN ROSILES, STAR NO. 19462; ) | |
| AND THE CITY OF CHICAGO, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Sean Henderson brings this action under 42 U.S.C. § 1983 and Illinois law against the City of Chicago ("City") and police officers Albert Rangel and Adrian Rosiles for several alleged constitutional violations stemming from his 2017 arrest and subsequent pretrial detention. Rangel, Rosiles, and the City ("Defendants") moved to dismiss Henderson's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). R. 19. For the following reasons, Defendants' motion is granted in part and denied in part.

**Legal Standard**

A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Berger v. Nat. Collegiate Athletic Assoc.*, 843 F.3d 285, 289 (7th Cir. 2016). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of

1

the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018).

## Background[1]

---

[1] The following allegations are drawn from Henderson's complaint, as well as the body-worn camera footage and police reports that Defendants attached to their motion to dismiss. The parties dispute whether the footage and reports are incorporated into the complaint. Under the incorporation-by-reference doctrine, a court may consider "documents attached to a motion to dismiss . . . if they are referred to in the plaintiff's complaint and are central to his claim." *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) (alteration in original). The camera footage and police reports are referenced in the complaint, and they are central to his claim because Henderson alleges that they show the officers lacked probable cause. *See* R. 1 ¶ 13. Applying the doctrine here does not convert Defendants' motion to dismiss to one for summary judgment. *See Hecker v. Deere & Co.*, 556 F.3d 575, 583 (7th Cir. 2009). Although the Seventh Circuit has not expressly extended the doctrine to audio and visual content, it has expressed that doing so "makes eminently good sense." *Brownmark Films*, 682 F.3d at 691.

On the night of March 10, 2017, Henderson alleges that he was driving a car on the south side of Chicago when Officers Rangel and Rosiles pulled him over. R. 1 ¶¶ 8–9. Officer Rangel approached the driver's-side door, while Officer Rosiles approached the passenger-side door. R. 19-1 (Exhibits A–B). Officer Rangel spoke to Henderson through the rolled down driver's-side window and asked why the passenger was not wearing a seatbelt. *Id.* (Exhibit A). About a minute later, Officer Rangel ordered Henderson out of the car but Henderson declined and rolled up the car windows instead. *Id.* The officers then ordered Henderson to put his hands in the air and open the driver's-side door. *Id.* Henderson raised his hands in the air but did not open the door. *Id.* A few minutes later, another member of law enforcement arrived on the scene and asked Henderson to exit the car. *Id.* Henderson resisted at first but eventually complied. *Id.*

Henderson alleges that he did not possess a firearm when Officers Rangel and Rosiles pulled him over nor did he know of one in the car. R. 1 ¶ 11. Officer Rangel nevertheless found a firearm in the vehicle and arrested Henderson. R. 19-1 (Exhibit A). Henderson was subsequently charged with the offenses of armed habitual criminal (720 ILCS 5/2401.7(a)) and failure to wear a seatbelt (625 ILCS 5/12-603.1). R. 1 ¶ 14; R. 19–4 at 1[2]. Henderson remained in jail from the date of his arrest until

---

[2] Separate from the body-camera footage and police reports, Defendants also attached to their motion to dismiss court records from the Clerk of the Circuit Court of Cook County that relate to the charges filed against Henderson. "A court may take judicial notice of facts that are (1) not subject to reasonable dispute and (2) either generally known within the territorial jurisdiction or capable of accurate and ready determination through sources whose accuracy cannot be questioned." *Ennenga v. Starns*, 677 F.3d 766, 773–74 (7th Cir. 2012). Because the facts contained in the Cook County court records meet both requirements, the Court takes

a jury acquitted him of the charges in October 2017. R. 1 ¶ 15. According to Henderson, the officers falsified their police reports and testimony by stating that they saw Henderson lean toward the left side of the vehicle and make a "furtive gesture" in the direction of the floorboard. *Id.* ¶ 12. Henderson alleges that footage from body-cameras worn by Officers Rangel and Rosiles contradict their account of the incident. *Id.* ¶ 13.

Henderson's complaint contains five counts. Counts I through IV are brought against Officers Rangel and Rosiles pursuant to 42 U.S.C. § 1983 for alleged violations of the Fourth, Fifth, and Fourteenth Amendments. *Id.* ¶ 16–23.[3] Count V is brought against the City pursuant to Illinois law for indemnification of any judgment arising from Officers Rangel and Rosiles' actions. *Id.* ¶ 23–25.

## Discussion

Section 1983 provides a civil cause of action to any citizen of the United States against any person who, under color of state law, deprives the citizen of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. To succeed on a § 1983 claim, a plaintiff must prove two elements: (1) that he was deprived of a right secured by the Federal Constitution or laws of the

---

judicial notice of them. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir.1994) (finding public court documents judicially noticeable).

[3] Without articulating any specific tort, Henderson's complaint alleges that Officers Rangel and Rosiles violated his rights under the Fourth, Fifth, and Fourteenth Amendments. R. 1 ¶ 16–23. In his opposition brief to Defendants' Rule 12(b)(6) motion to dismiss, Henderson clarifies that his rights were violated because he was wrongfully detained in pretrial custody based on fabricated evidence. *See* R. 32-1 at 1. The Court therefore construes his claim as one for wrongful pretrial detention.

United States; and (2) that he was subjected to this deprivation by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1983 "is not itself a source of substantive rights," but merely provides "a method for vindicating federal rights elsewhere conferred." *Baker v. McCollan*, 443 U.S. 137, 144, n.3 (1979). In addressing constitutional claims brought under § 1983, therefore, "analysis begins by identifying the specific constitutional right allegedly infringed." *Graham v. Connor*, 490 U.S. 386, 394 (1989); *Baker*, 443 U.S. at 140 (the "first inquiry" is "to isolate the precise constitutional violation with which [the defendant] is charged").

## A. Wrongful Pretrial Detention Claim

### 1. Fifth and Fourteenth Amendments (Counts I and II)

Turning to Henderson's complaint—and more precisely, to which constitutional provision governs Henderson's wrongful pretrial detention claim—Counts I and II allege that the police officers violated Henderson's constitutional rights under the Due Process Clause of the Fifth and Fourteenth Amendments. R. 1 ¶ 16–19. The Fifth Amendment's Due Process Clause sets forth citizens' rights against the federal government. *See Dusenbery v. United States*, 534 U.S. 161, 167 (2002). Officers Rangel and Rosiles argue that they are not federal actors, so the counts brought against them under the Fifth Amendment must be dismissed. R. 19 at 6. According to Henderson's own complaint, Officers Rangel and Rosiles work for the City (R. 1 ¶¶ 5–6), and there are no allegations that their actions were taken under the color of federal law. Because Officers Rangel and Rosiles are state actors,

5

the wrongful pretrial detention claim brought against them under the Due Process Clause of the Fifth Amendment is dismissed. *See Malone v. City of Chicago*, No. 13 C 3900, 2016 WL 1169510, at *3 (N.D. Ill. Mar. 25, 2016) (dismissing § 1983 claim brought under the Due Process Clause of the Fifth Amendment because defendants were state actors); *Panfil v. City of Chicago*, No. 00 C 8011, 2001 WL 618975, at *1 (N.D. Ill. May 25, 2001), *aff'd*, 45 F. App'x 528 (7th Cir. 2002) (same).

Officers Rangel and Rosiles argue that Counts I and II fare no better under the Fourteenth Amendment's Due Process Clause. They argue that Henderson challenges the fabrication of evidence that led to his pretrial detention, not any deprivation of liberty stemming from a conviction after trial, and as such, Henderson's claim of wrongful pretrial detention is governed exclusively by the Fourth Amendment. *See* R. 19 at 6–7; R. 34 at 3–4.

The officers are correct. Before *Manuel v. City of Joliet*, 137 S.Ct. 911 (2017) (*Manuel I*), and *Manuel v. City of Joliet*, 903 F.3d 667 (7th Cir. 2018) (*Manuel II*), the Seventh Circuit suggested that wrongful pretrial detention can be a deprivation of liberty cognizable under the Due Process Clause. But following *Manuel I and Manuel II*, the Seventh Circuit has made clear that "the Fourth Amendment, not the Due Process Clause, is the source of the right in a § 1983 claim for unlawful pretrial detention." *Lewis v. City of Chicago*, 914 F.3d 472, 479 (7th Cir. 2019); *see also id.* at 478 ("It's now clear that a § 1983 claim for unlawful pretrial detention rests *exclusively* on the Fourth Amendment.") (emphasis in original). Applying *Lewis*, courts in this Circuit have dismissed wrongful pretrial detention claims brought

6

under the Fourteenth Amendment's Due Process Clause by defendants who, like Henderson, were acquitted at trial and did not allege any post-trial deprivation of liberty. *See, e.g.*, *Young v. City of Chicago*, 425 F. Supp. 3d 1026, 1033–34 (N.D. Ill. 2019); *Moorer v. Platt*, No. 18 CV 3796, 2020 WL 814924, at *2 (N.D. Ill. Feb. 19, 2020); *Hallom v. City of Chicago*, No. 1:18 C 4856, 2019 WL 1762912, at *2 (N.D. Ill. Apr. 22, 2019).

Henderson acknowledges *Lewis* but argues that it is undermined by the Supreme Court's decision in *McDonough v. Smith*, 139 S. Ct. 2149 (2019). In *McDonough*, the Court considered when a claim for fabrication of evidence accrued. 139 S. Ct. at 2154–55. The Court "assume[d] without deciding" that the Second Circuit's framing of the claim as implicating the Due Process Clause was appropriate. *Id*. at 2155. The Court's assumption seems to create some friction with the Seventh Circuit's view that a wrongful pretrial detention claim can be only be brought under the Fourth Amendment. But this Court cannot disregard the Seventh Circuit's pronouncement in *Lewis* based on the Court's "assumption—rather than holding—that such a claim is viable." *Mayo v. LaSalle Cty.*, No. 18 CV 01342, 2019 WL 3202809, at *3 n.3 (N.D. Ill. July 15, 2019).

Because Counts I and II are brought under the Due Process Clause of the Fifth and Fourteenth Amendments, and because neither govern Henderson's wrongful pretrial detention claim, both counts are dismissed against Officers Rangel and Rosiles with prejudice.

### 2. Fourth Amendment (Counts III and IV)

Counts III and IV of the complaint allege that Officers Rangel and Rosiles violated Henderson's rights under the Fourth Amendment. R. 1 ¶¶ 20–23. The Fourth Amendment prohibits unreasonable searches and seizures and is effective against the states through the Fourteenth Amendment. U.S. Const. Amd. IV, XIV. A seizure, including pretrial detention, is reasonable only if based on probable cause to believe the detainee committed a crime. *Manuel*, 137 S. Ct. at 919–20. "[P]robable cause is a common-sense inquiry requiring only a probability of criminal activity[.]" *Whitlock v. Brown*, 596 F.3d 406, 411 (7th Cir. 2010) (citations omitted). "Probable cause is assessed objectively" based on the information known to officers and the conclusions that might reasonably be drawn from that information. *Holmes v. Vill. of Hoffman Estates*, 511 F.3d 673, 679 (7th Cir. 2007).

Though Henderson's complaint is thin on details, it states a plausible claim for wrongful pretrial detention under the Fourth Amendment. Henderson alleges that Officers Rangel and Rosiles lacked probable cause because he was neither in possession of a firearm nor did he have knowledge that a firearm was in the car. R. 1 ¶ 11. Henderson further alleges that the officers fabricated their police reports and testimony by stating that they saw Henderson lean toward the left side of the vehicle and make a "furtive gesture" in the direction of the floorboard. *Id.* ¶ 12. Henderson says that the officers' account of the incident is contradicted by footage from their own body-worn cameras (*Id.* ¶ 13), and that as a result of their conduct, he was held in custody for five months until a jury acquitted him (*Id.* ¶ 15). Accepting these

allegations as true—as the law requires at this stage in the proceedings—the Court concludes that Henderson has sufficiently pled a wrongful pretrial detention claim under the Fourth Amendment.

Defendants' arguments to the contrary rely almost exclusively on evidence and case law more properly considered on a motion for summary judgment. For example, Defendants repeatedly insist that the body-worn camera footage demonstrates that the officers had probable cause. *See, e.g.*, R. 19 at 11 ("Based upon the historical facts captured on the video, a reasonable police officer could conclude that plaintiff unlawfully possessed the handgun in violation of Illinois's armed habitual criminal statute."). Henderson contends otherwise, arguing that "the substance of the videos and their relationship to probable cause is contestable." R. 32-1 at 7. At this stage in the proceedings, the Court will not make a determination regarding probable cause because doing so inherently involves findings of fact not permitted on a motion to dismiss. *See Karney v. City of Naperville*, No. 15 C 4608, 2016 WL 6082354, at *5 (N.D. Ill. Oct. 18, 2016).

Defendants' reliance on *Young v. City of Chicago* is misplaced for similar reasons. The defendants in *Young* moved for summary judgment, which allowed the court to determine whether the evidence showed that there were "facts from which a jury could reasonably find the absence of probable case." 425 F. Supp. 3d at 1034. By comparison, the Court in this case may not reach such a determination on a motion to dismiss; instead, the Court is asked to decide whether the complaint "states a claim

9

to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Finding that it does, the Court denies Defendants' motion to dismiss Counts III and IV.

**B. Indemnification Claim (Count V)**

Count V asserts a claim for indemnification against the City of Chicago under 745 ILCS 10/9–102, which provides that a local public entity "is directed to pay any tort judgment or settlement for compensatory damages (and may pay any associated attorney's fees and costs) for which it or an employee while acting within the scope of his employment is liable." Defendants moved to dismiss Count V on the grounds that once the Court dismissed Counts I-IV, there would be nothing left to indemnify. R. 19 at 13–14. But because Henderson has stated a plausible claim against Officers Rangel and Rosiles for wrongful pretrial detention under the Fourth Amendment, the City's motion to dismiss is denied with respect to Count V.

## Conclusion

For the reasons stated above, Defendants' motion to dismiss, R. 19, is granted as to Counts I and II but denied as to Counts III-V.

ENTERED:

_Thomas M Durkin_
_____
Honorable Thomas M. Durkin
United States District Judge

Dated: September 21, 2020